Brinkerhoff, J.
In disposing of this case I shall attempt but little more than to state the case and to announce the conclusions at which the court has arrived.
The defendant is a railroad corporation under the laws of this state. The constitution of Ohio (art. 1, sec. 19) declares that, “in all cases, other than in time of war or other public exigency, where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money.” And in art. 13, sec. 5, it declares that “no right of way shall be appropriated to the use of any corporation until full ■compensation therefor be first made in money, or first secured by a deposit of money,” etc.
In strict accordance with this fundamental provision, is the language of the statute, passed expressly to carry it into effect. It provides (sec. 1) that all appropriations of private property to the use of corporations, shall be made and ^conducted in accordance with its provisions; that (sec. 2) whenever any corporation shall wish to make any such appropriation, it shall ■ file a statement containing a description of the property and rights sought to be appropriated; the jury are summoned (sec. 3) for the purpose of •estimating and valuing the amount of compensation which the ■owner shall be entitled to by reason of such appropriation. And *99 the only judgment authorized by the act is to be rendered after the payment of the money, to the effect that the corporation shall hold the property in the proceedings mentioned, for the purposes for which the same was appropriated, and enter the same upon record; and thereupon such corporation shall hold’ the same accordingly, and be entitled to execution to put them in possession thereof. 3 Curwen’s Stat. 1818.
The Cincinnati and Indiana Railroad Company filed its statement, in the probate court of Hamilton county, against Silas V., Hayes and divers other land-owners, setting forth that their railroad Had been located over certain lands of the several owners and defendants; that an effort had been made to agree with them, respectively, in relation to the amount of compensation to be paid them; that no such agreement could be made; and asking the appointment of a jury, under the statute, for the assessment of the damages to each of them, by reason of the appropriation of their respective lands thus sought to be made by the railroad company.
Such a jury was selected and sworn; they viewed the lands of the relators, and heard evidence in relation to the value, etc., and returned a verdict, in the separate matter of these relators, in their favor for $3,000, as the damages which would accrue to them by reason of the appropriation, etc.
Before the confirmation of this verdict in the case of relators, the corporation gave notice, upon the record of the probate court, in the proceeding then pending, that they abandoned the proposed appropriation of the lands of the relators, and would not exercise their right to pay the amount of the verdict, but declined so to do.
The probate court entered a confirmation of the verdict, and, on the motion of the relators for the entering of a judgment by the probate court against the corporation in their *favor for the amount of such verdict, or of an order that said corporation should pay said sum of $3,000 to the relators, refused to enter such judgment or order.
The railroad company has never taken possession of any portion of the lands of the relators mentioned in the proceedings in the probate court, and never entered upon the same, except to make the preliminary survey for the purpose of instituting the proceedings for appropriation; and, in accordance with the notice given at the time the confirmation of the verdict was urged, abandoned the idea of taking and paying for the relators’ land, and went else *100 where and actually located and built their railroad on other grounds, where they have since completed and operated their road, and. have always refused, and now refuse, to pay the relators said sum of $3,000, and to enter upon and take possession of their land^. once sought to be appropriated.
The relators now seek, by the writ of mandamus, to compel the railroad company to pay into the probate court, for their use, the-sum of $3,000 and interest.
On this state of case we are of opinion:
1. That the confirmation of the verdict of the jury by the probate court was, in effect, merely a negation of the right of the railroad company to a1 new trial.
2. That the probate court was right in declining to render any judgment and to make any order against the railroad company for the payment of the amount assessed by the jury; no such judgment or order being warranted by law.
3. That no appropriation of the lands of the relators could be completed, no title from them could be acquired, and no incumbrance could be imposed on their estate by the railroad company,. until the amount of compensation fixed by the finding of the jury was paid in money, or secured to be paid by a deposit of money.
4. That the finding of the jury not being complied with, the relators are in statu quo — as if no proceedings in the probate court had ever been commenced. They have lost nothing, and are not entitled to complain of anything. The railroad company having abandoned all claim to a right1 of way over the land of the rela-tors, it could not thereafter ^acquire such right of way except by the commencement of proceedings de novo, and perhaps not. even by such means.
5. If there was no express abandonment of the claim to appropriate a right of way entered of record in the proceeding in the probate court, the fact that the corporation has constructed its-road upon another line, not touching the lands of the relators, is conclusive evidence of such abandonment, and leads to like results.
And we are furthermore unanimously of opinion, that if there-were no express abandonment of claim in either of these ways, it woiild be the right of a land-owner, immediately after verdict and. its confirmation, by a demand from the corporation of the amount assessed in his favor, to compel it to elect whether it would corn *101 •píete its appropriation by the payment of the money, or, on failure to do so promptly within a reasonable time, submit to be held to have abandoned its claim, and to have subjected itself to whatever consequences are involved in such abandonment. It would be intolerable that the land-owner should be hung up in uncertainty in respect to his rights by the non-action of the corporation.
Questions have been made in argument in respect to the remedy by mandamus in a case of this kind; but as we have preferred to decide the case upon the rights of the relators, the conclusions we 'have arrived at leave us no occasion to consider their remedies.

Mandamus refused.

Day, C. J., and White, Welch, and Scott, JJ., concurred.